IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:21-CV-255

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of MALLORY ELECTRIC COMPANY, <br> Plaintiff, <br><br> v. <br><br> SAUER INCORPORATED a/k/a SAUER CONSTRUCTION, LLC & FEDERAL INSURANCE COMPANY, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | COMPLAINT |

Plaintiff United States of America, for the use and benefit of Mallory Electric Company ("Mallory Electric"), and pursuant to 40 U.S.C. § 3133 and other applicable law, sets forth the following claims against the Defendants named above:

**PARTIES, JURISDICTION, AND VENUE**

1. Mallory Electric is a corporation organized and existing under the laws of the Commonwealth of Virginia with a principal place of business in Newport News, Virginia.

2. Mallory Electric is considered a resident of the Commonwealth of Virginia for jurisdictional purposes.

3. Mallory Electric acts principally as an electrical contractor on construction projects.

4. Mallory Electric was a first-tier subcontractor on the federal construction project ("Project") at issue in the instant case.

5. Upon information and belief, Defendant Sauer Construction, LLC is a limited liability company organized and existing under the laws of the State of Florida. At the

time Mallory Electric entered into the subcontract at issue, Sauer Construction, LLC was a corporation named "Sauer Incorporated" and was incorporated in the Commonwealth of Pennsylvania. Upon information and belief, subsequent to the formation of the subcontract at issue, Sauer Incorporated converted to a limited liability company, changed its name to "Sauer Construction, LLC", and moved its business registration to the State of Florida. Defendants Sauer Incorporated and Sauer Construction, LLC are collectively referred to as: "Defendant GC Sauer." Upon information and belief, Defendant GC Sauer currently maintains its principal office in Florida.

6. Defendant GC Sauer is considered a resident of the State of Florida for jurisdictional purposes.

7. Upon information and belief, Defendant GC Sauer acts principally as a general contractor on construction projects.

8. Defendant GC Sauer is the general contractor for the Project.

9. Upon information and belief, Defendant Federal Insurance Company ("Defendant Federal ") is a corporation organized and existing under the laws of the State of Indiana with a principal place of business in Philadelphia, Pennsylvania.

10. Defendant Federal is considered a resident of the States of Pennsylvania and Indiana for jurisdictional purposes.

11. Defendants Federal is referred to as "Defendant Surety."

12. Upon information and belief, Defendant Surety is in the business of, among other things, acting as a surety for construction bonds, including, but not limited to, payment bonds and performance bonds.

13. The Court has personal jurisdiction over the parties.

14. There is complete diversity between Mallory Electric and the Defendants in the instant action: For jurisdictional purposes, Mallory Electric is a resident of Virginia and Defendants are all residents of states other than Virginia.

15. The amount in controversy in the instant action is in excess of $75,000.00.

16. The Court has subject matter jurisdiction over the action based on, among other things:

    a. the Miller Act, 40 U.S.C. § 3131 et. seq.;

    b. 28 U.S.C. § 1331, relating to federal question jurisdiction; and

    c. 28 U.S.C. § 1332, relating to diversity jurisdiction.

17. Venue for this action is proper in this district and division, where the Project was constructed.

## BACKGROUND

18. The Project involves the construction of an operations facility at Fort Bragg, North Carolina. The Project bears the following name: "SOF Battalion Operations Facility, Ft. Bragg, NC."

19. Upon information and belief, on or about April 3, 2017, Defendant GC Sauer entered into a contract ("Prime Contract") with the US Army Corps of Engineers — Wilmington District ("the United States of America"), an agency of the United States of America, to perform the Project.

20. As part of the Prime Contact and as required by 40 U.S.C. § 3131, Defendant GC Sauer has a construction payment bond for the Project ("Payment Bond"), with Defendant Surety acting as the surety, dated April 10, 2017.

21. A true and accurate copy of the Payment Bond is attached as Exhibit A and incorporated by reference.

22. The Payment Bond assures payment to subcontractors and materialmen for labor and materials furnished by them for the benefit of the Project, Defendant GC Sauer, and/or the United States of America.

23. On or about April 20, 2017, Defendant GC Sauer entered into a subcontract ("Subcontract") with Mallory Electric whereby Mallory Electric was to provide certain electrical work for the Project.

24. Mallory Electric, in performing the Subcontract, acted as a first-tier subcontractor to Defendant GC Sauer.

25. Mallory Electric supplied labor, equipment, and materials to the Project through at least June 18, 2020, if not later.

26. The Subcontract provides that Mallory Electric is to receive progress payments for its completed and invoiced work.

27. Mallory Electric has incurred substantial additional costs as a direct and proximate result of, among other things:

   a. Defendant GC Sauer's failure to timely provide the required progress payments;

   b. Defendant GC Sauer wrongfully rejecting portions of Mallory Electric's completed work and then failing to describe the manner in which alleged deficiencies were to be remedied;

c. Defendant GC Sauer sequencing the order of the Project work in an inefficient or impossible manner, or in a manner intended to make it unreasonably difficult, if not possible, for Mallory Electric to perform its work; and,

d. Defendant GC Sauer failing to communicate crucial, relevant information to Mallory Electric in a timely manner, or at all.

28. Mallory Electric has performed additional work on the Project for and at the request of Defendant GC Sauer for which it has submitted requests for payment to Defendant GC Sauer, but for which Defendant GC Sauer has failed to pay Mallory Electric.

29. The aforementioned failures of Defendant GC Sauer caused Mallory Electric to be delayed in the progress of its work on the Project.

30. To the extent Defendant GC Sauer has invoiced or sought payment from the United States of America for Project work performed by Mallory Electric, then Defendant GC Sauer has accepted that Project work as conforming to the requirements of the Subcontract.

31. To the extent that Defendant GC Sauer has represented to the United States of America that it has paid Mallory Electric for Project work, but has not paid Mallory Electric for such Project work, Defendant GC Sauer has made misrepresentations to the United States of America.

32. To the extent that Defendant GC Sauer has solicited payments from the United States of America and made related representations that upon payment, Defendant GC Sauer would make payment to Mallory Electric for Mallory Electric's corresponding Project work, but has not actually made such payments to Subcontractor upon receipt of the solicited payments from the United States of America, Defendant GC Sauer has made misrepresentations to the United States of America.

33. To the extent Defendant GC Sauer has been paid by the United States of America for Project work performed by Mallory Electric but has not paid Mallory Electric for this same Project work, Defendant GC Sauer has violated, among other statutes and regulations, the Federal Prompt Pay Act.

34. To the extent Defendant GC Sauer has been paid by the United States of America for Project work performed by Mallory Electric but has not paid Mallory Electric for this same Project work, Defendant GC Sauer has acted in a wrongful, commercially unreasonable, and egregious manner.

35. Mallory Electric's invoiced work on the Project has been fully completed in compliance with the requirements of the Subcontract.

36. Mallory Electric's invoiced work on the Project has been performed fully in compliance with the requirements of the Subcontract.

37. Mallory Electric has fully performed its obligations under the Subcontract and is entitled to be paid the full amount remaining due.

38. The adjusted Subcontract amount after accounting for approved change orders is $4,912,555.00.

39. Mallory Electric has performed, including change order and extra work, not less than $4,912,555.00 in Subcontract work as part of the Project.

40. Defendant GC Sauer has paid Mallory Electric $4,096,864.70 for Mallory Electric's Project work.

41. Mallory Electric is owed at least the principal amount of $815,690.30 for Subcontract work performed but not paid for by Defendant GC Sauer.

42. In addition, Mallory Electric has performed at least $291,738.12 in additional or extra work for which Defendant GC Sauer has refused to pay and refused to approve an appropriate change order.

43. Thus, Mallory is owed for base subcontract work and additional or extra work the total principal sum of not less than: $1,107,428.42.

44. Mallory Electric has properly invoiced Defendant GC Sauer for all of its Project work performed pursuant to the Subcontract in the amounts stated in the preceding paragraphs.

45. Defendant GC Sauer has not provided Mallory Electric with a detailed description or explanation of its basis for withholding from payment to Mallory Electric earned Subcontract payments.

46. There is no justification at this time for Defendant GC Sauer to withhold payment from Mallory Electric.

47. Mallory Electric is entitled to payment from Defendant GC Sauer of the remaining amount owing and stated above for Mallory Electric's Project work.

48. Upon information and belief, Defendant GC Sauer has submitted for approval by the United States of America all of the work performed by Mallory Electric on the Project.

49. Upon information and belief, Defendant GC Sauer has requested payment from the United States of America for most, if not all, of the work performed by Mallory Electric on the Project.

50. Upon information and belief, Defendant GC Sauer has been paid by the United States of America for most, if not all, of the work performed by Mallory Electric on the Project.

51. Upon information and belief, the United States of America has raised no complaint or objection to the work performed by Mallory Electric pursuant to the Subcontract.

52. Defendant GC Sauer has failed and refused to pay Mallory Electric those amounts owed pursuant to the Subcontract for Mallory Electric's properly performed and invoiced Project work.

53. Defendant Surety has failed to pay Mallory Electric those amounts owed pursuant to the Subcontract and the Payment Bond for Mallory Electric's properly performed and invoiced Project work.

## FIRST CLAIM FOR RELIEF
(BREACH OF CONTRACT)
(*Against Defendant GC Sauer*)

54. Mallory Electric restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth.

55. The Subcontract is supported by consideration and is mutually binding on the parties.

56. Mallory Electric properly and fully performed its obligations under the Subcontract.

57. The Subcontract requires Defendant GC Sauer to pay Mallory Electric for the work performed pursuant to the Subcontract.

58. Defendant GC Sauer has materially and substantially breached the Subcontract by wrongfully failing and refusing to pay Mallory Electric the amounts to which it is entitled.

59. There is no excuse for Defendant GC Sauer's material and substantial breach of the Subcontract.

60. All conditions precedent to Mallory Electric being entitled to receive recovery under the Subcontract have occurred.

61. Mallory Electric is entitled to recover compensatory damages from Defendant GC Sauer for Defendant GC Sauer's material and substantial breach of the Subcontract.

62. Mallory Electric's compensatory damages include, among other elements of loss and damage, the value of its unpaid work performed pursuant to the Subcontract.

63. As a direct and proximate result of Defendant GC Sauer's breach of the Subcontract, Mallory Electric has been damaged in a principal amount in excess of $75,000.00 and to be determined.

64. Mallory Electric is entitled to recover pre- and post-judgment interest at the legal rate from Defendant GC Sauer for the amounts Mallory Electric is entitled to recover for Defendant GC Sauer's material and substantial breach of the Subcontract.

65. Mallory Electric is entitled to judgment against Defendant GC Sauer for breach of the Subcontract in a principal amount in excess of $75,000.00 and to be determined, plus interest, costs, and attorneys' fees as allowed by law.

**SECOND CLAIM FOR RELIEF**
(RESTITUTION / QUANTUM MERUIT / UNJUST ENRICHMENT)
(*Against Defendant GC Sauer*)

66. Mallory Electric restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth.

67. In the alternative to Mallory Electric's First Claim for Relief set forth above and to the extent that this Court finds that the Subcontract or any part thereof is invalid or

9

that any of Mallory Electric's Project work constituted extra work not falling within the scope of the Subcontract, Mallory Electric sets forth the following claim for relief for restitution, quantum meruit, and unjust enrichment.

68. Mallory Electric has performed work to the benefit of Defendant GC Sauer.

69. If Mallory Electric is not paid in full for the Project work it has performed, Defendant GC Sauer will be unjustly enriched.

70. Mallory Electric is entitled to recover from Defendant GC Sauer the fair market value of the labor, materials, and equipment furnished by Mallory Electric to and for the benefit of the Project.

71. Mallory Electric is entitled to recover pre- and post-judgment interest from Defendant GC Sauer for the amounts Mallory Electric is entitled to recover in restitution, quantum meruit, and unjust enrichment.

72. Mallory Electric is entitled to judgment against Defendant GC Sauer for restitution, quantum meruit, and unjust enrichment in an amount to be determined and in excess of $10,000.00, plus interest, costs, and attorneys' fees as allowed by law.

### THIRD CLAIM FOR RELIEF
(BREACH OF PAYMENT BOND)
(*Against Defendant Surety*)

73. Mallory Electric restates and incorporates by reference the allegations in the preceding paragraphs as if fully set forth.

74. Ninety days have passed since the date Mallory Electric last furnished labor, materials, and equipment to the Project — not including warranty work for which no new invoices have been submitted.

75. Pursuant to 40 U.S.C. § 3133(b)(1), Mallory Electric's claim against the Payment Bond for the unpaid for work described in the preceding paragraphs has fully accrued.

76. This Complaint is filed within one (1) year from the date Mallory Electric last furnished labor, material, or equipment to the Project — not including warranty work for which no new invoices have been submitted.

77. Upon information and belief, Defendant Surety took no action to compel its principal, Defendant GC Sauer, to make any payment to Mallory Electric.

78. Defendant Surety has breached its obligations under the Payment Bond to make payment to Mallory Electric.

79. All conditions precedent to Mallory Electric being entitled to receive recovery under the Payment Bond have occurred.

80. Defendant Surety has ratified the conduct of Defendant GC Sauer.

81. Defendant Surety is liable, jointly and severally, with Defendant GC Sauer, pursuant to the obligations of the Payment Bond and based on Defendant Surety's conduct, for all sums determined to be owed from Defendant GC Sauer to Mallory Electric.

82. Mallory Electric is entitled to judgment against Defendant Surety for breach of the Payment Bond in an amount to be determined and in excess of $10,000.00, plus interest, costs, and attorneys' fees as allowed by law.

## DEMAND FOR JURY TRIAL

Mallory Electric demands a trial by jury on all issues so triable.

WHEREFORE, Mallory Electric respectfully prays unto the Court as follows:

1. That Mallory Electric have and recover judgment against Defendant GC Sauer for compensatory damages arising from Defendant GC Sauer's breach of contract in a sum in excess of $75,000.00 and to be determined, plus interest as permitted by law;

2. That Mallory Electric have and recover judgment against Defendant Surety for breach of the Payment Bond, in a sum in excess of $75,000.00 and to be determined, plus interest as permitted by law;

3. That, in the alternative to the preceding prayer for relief, Mallory Electric have and recover against Defendants, jointly and severally, in restitution, quantum meruit, and unjust enrichment, in a sum in excess of $75,000.00 and to be determined, plus interest as permitted by law;

4. That the costs of this action be taxed against Defendants to the extent allowed by law;

5. That Mallory Electric have a trial by jury on all issues so triable; and

6. That Mallory Electric have and recover such other and further relief as the Court finds just and proper.

This the 11th day of June, 2021.

/s/ Jason T. Strickland
Jason T. Strickland, Esq.
N.C. State Bar I.D. No.: 34232
email: jtstrickland@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 33009
Raleigh, NC 27636-3009
Telephone: 919.277.9100
Facsimile: 919.277.9177
Attorney for Plaintiff